IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WIMMER EXCAVATING, INC., a California corporation, and TERRANCE WIMMER, an individual,<br><br>Defendants. | Case No. 19-cv-06840-MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; VACATING HEARING** |

Before the Court is plaintiffs'[1] Motion, filed October 16, 2020, "for Leave to File First Amended Complaint." Defendants Wimmer Excavating, Inc. ("Wimmer Excavating") and Terrance Wayne Wimmer have filed opposition, to which plaintiffs have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for determination on the parties' respective written submissions, VACATES the hearing scheduled for November 20, 2020, and rules as follows.

In their complaint, plaintiffs allege defendants "have failed and refuse to pay contributions" (see Compl. ¶ 14) due to plaintiffs under the terms of a collective bargaining agreement ("CBA") signed by defendants and the Operating Engineers Local Union No. 3 ("Union") (see Compl. ¶¶ 10-11). By the instant motion, plaintiffs seek leave to add an additional defendant, specifically, Valley Earthworks, Inc. ("Valley Earthworks").

---

[1] Plaintiffs consist of five "Trust Funds" and one "Trust established under the Labor Management Relations Act." (See Compl. ¶¶ 1, 2.)

In the Proposed First Amended Complaint ("Proposed FAC"),[2] plaintiffs allege Wimmer Excavating and Valley Earthworks are "a single employer and/or are continuations or alter egos of one another" (see Proposed FAC ¶ 3) and, consequently, that Valley Earthworks is liable for Wimmer Excavating's alleged failures to make contributions (see Proposed FAC ¶ 16).  Plaintiffs also allege in the Proposed FAC that Valley Earthworks, by reason of Wimmer Excavating's having "sold or transferred its assets, stock and/or operations" to Valley Earthworks, is "now deemed a signatory" to the CBA (see Proposed FAC ¶ 11), and that Valley Earthworks thereafter "failed to report and pay contributions for work performed by Valley Earthworks' employees" (see Proposed FAC ¶ 17).

On January 31, 2020, the Court conducted a case management conference at which the Court set a trial date of February 8, 2021, as well as a number of pretrial deadlines in 2020, including a March 31 deadline to amend the pleadings, an August 7 deadline to complete non-expert discovery, a September 22 deadline to conduct expert discovery, and an October 22 deadline to file dispositive motions (see Civil Minutes, filed January 31, 2020; Pretrial Preparation Order, filed February 3, 2020), all of which deadlines have now passed.

Plaintiffs filed the instant motion for leave to amend six and a half months after the deadline to amend.  Rule 16(b) provides that a deadline set in a pretrial scheduling order "shall not be modified except upon a showing of good cause."  See Fed. R. Civ. P. 16(b). Here, plaintiffs argue, good cause exists to allow them to amend to add a new defendant at this time because, they assert, they "became aware of the existence of Valley Earthworks" in "July 2020" (see Shuldiner Decl. ¶ 10), that the Union thereafter "conducted its own evaluation" and "[took the] position" that Valley Earthworks is a "signatory to a Collective Bargaining Agreement with the Union" (see id.), that, on August 28, 2020, plaintiffs contacted defendants to inquire if defendants would agree to an

---

[2] The Proposed FAC is attached as Exhibit L to the Declaration of Allan D. Shuldiner.

1  amendment adding Valley Earthworks as a defendant (see id. (citing Ex. H)), and that, on
2  September 2, 2020, defendants stated the parties "were too far along in the process to
3  amend the Complaint" (see id. ¶ 11).[3]

4  To show good cause to amend a pretrial schedule, the movant must, at the outset,
5  show "diligence."  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th
6  Cir. 1992) (holding if movant "was not diligent, the inquiry should end").  Here, plaintiffs
7  have not explained how they learned of the existence of Valley Earthworks, let alone
8  why, with a limited amount of discovery, they could not have obtained that information at
9  an earlier date.  Nor have plaintiffs explained why, over a period of several weeks, they
10 continued to ask defendants the same question defendants answered on September 2,
11 2020.

12 Moreover, even assuming plaintiffs were, in the exercise of reasonable diligence,
13 unable to learn of the existence of Valley Earthworks prior to July 2020, and even further
14 assuming it was reasonable for plaintiffs to wait to file the instant motion until a month
15 and a half had passed from the time defendants advised plaintiffs they would not stipulate
16 to adding Valley Earthworks as a defendant, the Court finds plaintiffs have failed to show
17 good cause to add a new defendant.  Although plaintiffs assert "[t]here will be no delay
18 caused by the filing of the [P]roposed First Amended Complaint" (see id. at 8:18-19),
19 plaintiffs do not contend their claims against Valley Earthworks can be tried without
20 reopening discovery, and, indeed, state additional discovery will be necessary.  (See Pl.'s
21 Mot. at 8:16-17 (acknowledging plaintiffs will need to conduct "audit of Valley
22 Earthworks"); see also Shuldiner Decl. Ex. I (acknowledging "further discovery may
23 develop additional facts").)  Consequently, if the Court were to grant the instant motion,
24 not only would the discovery and dispositive motion deadlines have to be extended, but
25 the trial date as well.

---

[3] Thereafter, on September 9, 18, and 23, plaintiffs repeated their inquiry and, according to plaintiffs, received no response.  (See id. ¶¶ 12-14.)

"Disruption to [a] schedule of the court" is "not harmless."  See Wong v. Regents of the University of California, 410 F.3d 1052, 1062 (9th Cir. 2005).  "Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to."  Id.  Such good reasons do not exist here, as plaintiffs need not add Valley Earthworks to the instant action in order to obtain the relief they seek against it.  First, as defendants point out, to the extent plaintiffs contend Valley Earthworks is, under an alter ego theory, liable for defendants' alleged violations of the CBA and, in the event they obtain a judgment against Wimmer Excavating, plaintiffs may move to add Valley Earthworks as a judgment debtor.  See In re Levander, 180 F.3d 1114, 1121 (9th Cir. 1999) (setting forth circumstances under which "new party," as "alter ego of old party," can be added to judgment as "additional judgment debtor[ ]").  Second, to the extent plaintiffs contend Valley Earthworks itself has violated the CBA, those violations are not part of the instant action and can be pursued in a separate action.

Accordingly, the motion for leave to amend is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 16, 2020

MAXINE M. CHESNEY
United States District Judge